UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>**Charles Ira Kaufman**<br>**Mary Rose Kaufman**<br>107 Hartwicl Lane<br>Fountain Inn, SC 29644<br><br>**DEBTORS** | **CASE NO: 11-05154-hb**<br>**CHAPTER: 13**<br><br>NOTICE, CHAPTER 13 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtors[1] have filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtors have filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

　　A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan (See exhibits to SC LBR 3015-1 and 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

　　B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

**NONE**

  A. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtors move, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption claimed | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| | | | | | | |

  B. <u>Judicial Lien</u>: The debtors move, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption claimed | Estimated judicial lien | Judicial lien Not avoided (see IV(B)(4) below) | Judicial lien avoided (see (IV(E) below) |
|---|---|---|---|---|---|---|
| | | | | | | |

  C. <u>Valuation of Security</u>: The debtors move, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| | | | | | |

  D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtors move for the assumption of the following executory contract and/or unexpired lease. The debtors agree to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
|  |  |  |  |  |

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the trustee)</u>: The debtors submit to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtors will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtors shall pay to the trustee the sum of *$1,876.00* per month for a period of *60* months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

**THE FIRST TRUSTEE PAYMENT IS DUE THIRTY (30) DAYS AFTER THE FILING OF YOUR CHAPTER 13 BANKRUPTCY PETITION. YOUR PETITION WAS FILED ON *AUGUST 19, 2011*; THEREFORE, YOUR FIRST TRUSTEE PAYMENT WILL BE DUE *SEPTEMBER 18, 2011* AND WILL BE DUE THE *18TH*. OF EACH MONTH THEREAFTER.**

**All Trustee payments are to be sent to the following address:**

> GRETCHEN D. HOLLAND
> CHAPTER 13 TRUSTEE
> P.O. BOX 1757
> MEMPHIS, TN 38101-1757

B. <u>Payments from the debtor directly to creditors</u>: The debtors shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtors may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a

creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor</u>:

1. The debtors and the debtors' attorney have agreed to an attorneys fee in the amount of $3,500.00 for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $1951.00 was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

2. If, as an alternative to the above treatment, the debtors' attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

B. <u>Secured Creditor Claims</u>: The plan treats secured claims as follows:

1. <u>General Provisions</u>: The terms of the debtors' pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. <u>Long-term or mortgage debt. No default</u>: The debtors are current on obligations to ***BANK OF AMERICA*** and will continue regular payments directly to that creditor. Description of collateral:

3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to (creditor name) at the rate of $ (payment amount) or more per month, for (collateral description), along with (percentage)% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

b. Maintenance of regular non-arrearage payments. Beginning(month and year), the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. <u>Secured portion of claims altered by valuation and lien avoidance</u>: The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month, along with (percentage) % interest until the secured claim of $ (amount of secured claim) established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>: The trustee shall pay ***PEOPLES ALLIANCE FEDERAL CREDIT UNION re: 2005 Dodge Dakota*** the sum of ***$128.00*** or more per month, along with **5.25** % interest until the allowed secured claim is paid in full.

The trustee shall pay ***T.D. AUTO FINANCE re: 2004 Jeep Cherokee*** the sum of ***$8.00*** or more per month, along with **5.25** % interest until the allowed secured claim is paid in full.

6. <u>Surrender of property</u>: The debtors will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that

property: (Name of creditor and property address or collateral description). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

       7. <u>Secured tax debt:</u> The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month until the (net balance or value) of creditors secured claim plus (percentage) % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

    C. <u>Priority Creditors:</u> Priority claims shall be paid as follows:

       1. <u>Domestic Support Claims.</u> 11 U.S.C. § 507(a)(1):

          a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

          b. The debtors shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

          c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

       2. <u>Other Priority debt.</u> The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

**IRS**

**SC DEPT. OF REVENUE & TAX**

**LAURENS COUNTY TAX COLLECTOR**

    D. <u>Executory Contracts and Unexpired Leases:</u> Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ (payment amount) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtors ***do not*** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtors. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtors are responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtors. Nothing herein is intended to waive or affect adversely any rights of the debtors, the trustee, or party with respect to any causes of action owned by the debtors.

Date: September 13, 2011    BY: /s/ ROBERT H COOPER
                             Robert H. Cooper Esquire, DCID #5670
                             THE COOPER LAW FIRM
                             Attorney for Debtor(s)
                             3523 Pelham Road Suite B
                             Greenville South Carolina 29615
                             (864) 271-9911
                             (864) 232-5236 Fax
                             www.thecooperlawfirm.com
                             thecooperlawfirm@thecooperlawfirm.com

**Debtor:** */S/CHARLES IRA KAUFMAN*

**CHARLES IRA KAUFMAN**

**Debtor:** */S/MARY ROSE KAUFMAN*

**MARY ROSE KAUFMAN**

## CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

Date: September 13, 2011          BY: /s/ Robert J. Cantrell
                                  Bankruptcy staff
                                  THE COOPER LAW FIRM
                                  Attorney for Debtor(s)
                                  3523 Pelham Road Suite B
                                  Greenville South Carolina 29615
                                  (864) 271-9911
                                  (864) 232-5236 Fax
                                  www.thecooperlawfirm.com
                                  rjcantrell@thecooperlawfirm.com

Label Matrix for local noticing
0420-7
Case 11-05154-hb
District of South Carolina
Spartanburg
Tue Sep 13 20:37:26 EDT 2011

AmGuard Insurance Company
16 South River Street
P.O. Box A-H
Wilkes Barre PA 18703-0020

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK  73124-8848

BALLENTINE EQUIPMENT CO INC
322 RHETT ST
GREENVILLE SC 29601-2532

Bank of America, NA
2595 West Chandler Blvd.
Chandler AZ 85224-4901

Patti H. Bass
Bass & Associates, PC
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

Business Financial Services
3111 N University Drive
Suite 800
Pompano Beach FL 33065-5099
ALEX NELSAS

Capital One,N.A
c/o Creditors Bankruptcy Service
P O Box 740933
Dallas,Tx 75374-0933

Christie Welch
111 Hartwick Lane
Fountain Inn SC 29644-8022

City of Laurens
126 East Public Square
Laurens SC 29360-2900

Robert H. Cooper
3523 Pelham Road
Suite B
Greenville, SC 29615-4191

(p)DELL FINANCIAL SERVICES
P O BOX 81577
AUSTIN TX 78708-1577

Dell Financial Services L.L.C.
c/o Resurgent Capital Services
PO Box 10390
Greenville, SC 29603-0390

Department Stores National Bank/Macys
Bankruptcy Processing
PO Box 8053
Mason, OH 45040-8053

Dyck O'Neal
P.O. Box 841776
Dallas TX 75284-1776

FIA CARD SERVICES, N.A.
PO Box 15102
Wilmington, DE 19886-5102

First Data Merchant Services
5251 Westheimer Road
Houston TX 77056-5412

Foodtronix
P.O. Box 3063
Grapevine TX 76099-3063

GEMB/Belk Rewards
P.O. Box 530940
Atlanta GA 30353-0940

GEMB/Home Design Furniture
P.O. Box 960061
Orlando FL 32896-0061

GEMB/JC Penney
P.O. Box 960090
Orlando FL 32896-0090

GEMB/Jewerly Accent
P.O. Box 960061
Orlando FL 32896-0061

GEMB/Lowe's
P.O. Box 530914
Atlanta GA 30353-0914

GEMB/Sam's Club Personal Credit
P.O. Box 103104
Roswell GA 30076-9104

HSBC Bank Nevada, N.A.
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite #200
Tucson, AZ 85712-1083

HSBC Retail Services/Best Buy
P.O. Box 5238
Carol Stream IL 60197-5238

Gretchen D. Holland
3 Caledon Court, Suite A
Greenville, SC 29615-3192

Home Depot Credit Services
Processing Center
Des Moines IA 50364-0500

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Integrity Payment System
1700 Higgins Road
Suite 690
Des Plaines IL 60018-6411

| | | |
|---|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 | Charles Ira Kaufman<br>107 Hartwick Lane<br>Fountain Inn, SC 29644-8022 | Mary Rose Kaufman<br>107 Hartwick Lane<br>Fountain Inn, SC 29644-8022 |
| Kohl's Payment Center<br>P.O. Box 2983<br>Milwaukee WI 53201-2983 | Lamont Hanley & Associates<br>1138 Elm Street<br>Manchester NH 03101-1531 | Laurens County Chamber of Commerce<br>P.O. Box 248<br>Laurens SC 29360-0248 |
| Laurens County Treasurer<br>PO Box 1049<br>Laurens SC 29360-1049 | Macy's<br>P.O. Box 183083<br>Columbus OH 43218-3083 | Merchant Warehouse<br>P.O. Box 6600<br>Hagerstown MD 21741-6600 |
| Aaron J. Nash<br>Hale, Dewey & Knight<br>88 Union Ave., Suite 700<br>Memphis, TN 38103-5128 | Nitro Derm East<br>510 Dellwood Drive<br>Greenville SC 29609-5021 | PRTC<br>P.O. Box 1026<br>Laurens SC 29360-1026 |
| (p)THE PALMETTO BANK<br>SPECIAL ASSETS DEPARTMENT<br>P O BOX 2217<br>ANDERSON SC 29622-2217 | Paychex of NY, LLC<br>440 Roper Mountain Road<br>Suite 1<br>Greenville SC 29615-4242 | People's Alliance Federal Credit Union<br>125 Wireless Boulevard<br>Hauppauge NY 11788-3961 |
| Peoples Alliance Federal Credit Union<br>125 Wirless Blvd<br>Hauppauge NY 11788-3961 | Republic Services<br>684 Mauldin Road<br>Greenville SC 29607-4237 | Richard Welch/WHC Properties<br>111 Hartwick Lane<br>Fountain Inn SC 29644-8022 |
| SC Dept of Rev. & Tax<br>PO Box 12265<br>Columbia SC 29211-2265 | SC Employment Workforce<br>1550 Gadsden Street<br>P.O. Box 995<br>Columbia SC 29202-0995 | SCDOR<br>Misc Tax Section<br>Columbia SC 29214-0137 |
| SCDOR<br>P.O. BOX 125<br>Columbia SC 29214-0001 | SCDOR<br>Sales Tax Return<br>Columbia SC 29214-0101 | Superior Asset Management Inc.<br>1000 Abernathy Road<br>Atlanta GA 30328-5606 |
| Sysco Food Services Columbia<br>Attn: A/R<br>P.O. Box 9224<br>Columbia SC 29290-0224 | T-Mobile<br>P.O. Box 742596<br>Cincinnati OH 45274-2596 | T.D. Auto Finance<br>27777 Inkster Road<br>Farmington MI 48334-5326 |
| TD Auto Finance LLC<br>Trustee Lockbox P.O. Box 9001897<br>Louisville, KY 40290-1897 | TD Auto Finance, LLC<br>c/o The Hale Law Group<br>88 Union Avenue<br>Suite 700<br>Memphis, TN 38103-5128 | The Clinton Chronicle<br>P.O. Box 180<br>Clinton SC 29325-0180 |

| | | |
|---|---|---|
| The Cooper Law Firm<br>3523 Pelham Road<br>Suite B<br>Greenville SC 29615-4191 | Thomas Mechanical<br>P.O. Box 462<br>Laurens SC 29360-0462 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St.<br>Suite 953<br>Columbia, SC 29201-2448 |
| WFNNB/Victoria's Secret<br>P.O. Box 182789<br>Columbus OH 43218-2789 | Zurich North America<br>8712 Innovation Way<br>Chicago IL 60682-0087 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Dell Financial Services<br>1 Dell Way<br>PS2DF-2<br>Round Rock TX 78682 | (d)Dell Preferred Account<br>Payment Processing Center<br>P.O. Box 6403<br>Carol Stream IL 60197-6403 | IRS MDP 39<br>1835 Assembly Street<br>Room 469<br>Columbia SC 29201 |
| Palmetto Bank<br>101 W Main Street<br>Laurens SC 29360 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Ballentine Equipment Company Inc<br>322 Rhett Street<br>Greenville SC 29601-2532 | (u)Department of Treasury | (d)Gretchen D. Holland<br>3 Caledon Court, Suite A<br>Greenville, SC 29615-3192 |
| (u)SC Unemployment Commission | End of Label Matrix<br>Mailable recipients    64<br>Bypassed recipients     4<br>Total                  68 | |